UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL ANDREW FOUTS,

     Plaintiff,

v.                                                      Case No.:  2:25-cv-973-SPC-KRH

LEE COUNTY JAIL,

     Defendant.

                                  /

## OPINION AND ORDER

Before the Court is Plaintiff Michael Andrew Fouts' Complaint (Doc. 1). Fouts filed it as a pretrial detainee in Lee County Jail.  He is proceeding *in forma pauperis*, so the Court must review the complaint to determine if it is frivolous or malicious, fails to state a claim, or seeks monetary damages from anyone immune from such relief.  *See* 28 U.S.C. § 1915(e)(2).

Federal Rule of Civil Procedure 12(b)(6) provides the standard for screening complaints under § 1915.  *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997).  A district court should dismiss a claim when a party does not plead facts that make the claim facially plausible.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible when a court can draw a reasonable inference, based on facts pled, that the opposing party is liable for the alleged misconduct.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009). This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)). And a plaintiff must allege more than labels and conclusions amounting to a formulaic recitation of the elements of a cause of action. *Twombly*, 550 U.S. at 555.

Fouts asserts an access-to-court claim. He alleges the jail only allows him one legal research request per week. He must submit the research requests to jail staff, and he is worried prosecutors might use the requests against him. Also, Fouts alleges staff sometimes rejects his requests with a memo that instructs him to be more specific.

State officials may not obstruct a detainee's access to the courts. *Wright v. Newsome*, 795 F.2d 964, 968 (11th Cir. 1986). To state an access-to-the-courts claim, a detainee must show actual injury—*i.e.*, that the defendant's conduct "hindered his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). As the Supreme Court explained in *Lewis*, "an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." 518 U.S. at 351. A plaintiff "must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Id.* And "the injury requirement is not satisfied by just any type of frustrated legal claim." *Id.* at 354. A plaintiff must show

that officials "hindered his efforts to proceed with a legal claim in a criminal appeal, postconviction matter, or civil rights action seeking to vindicate basic constitutional rights." *Wilson v. Blankenship*, 163 F.3d 1284, 1291 (11th Cir. 1998) (internal quotation marks and citation omitted).

Fouts fails to state an access-to-court claim because he does not identify a nonfrivolous claim or defense and explain how the defendant hindered it. His vague allegations of limited research opportunities are not enough. The Court will dismiss Fouts's complaint for failure to state a claim and give him an opportunity to amend. If Fouts files an amended complaint, he must state his claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

Accordingly, it is

**ORDERED:**

Michael Andrew Fouts's Complaint (Doc. 1) is **DISMISSED without prejudice**. The Clerk is **DIRECTED** to send Fouts a civil-rights complaint form. Fouts may file an amended complaint by **June 29, 2026**. **Otherwise, the Court will close this case without further notice.**

**DONE** and **ORDERED** in Fort Myers, Florida on June 9, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record

3